UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**BRANDI MERRYMAN**

**VERSUS**

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON AND LINCOLN LIFE ASSURANCE COMPANY OF BOSTON**

CIVIL ACTION NO.
5:20-cv-1324

# COMPLAINT

## I. PARTIES

1. Plaintiff, **BRANDI MERRYMAN**, is a person of the full age of majority, and a resident of San Antonio, Bexar County, Texas.

2. Defendant, **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON ("LIBERTY")**, is a foreign corporation authorized to do and doing business in the State of Texas in this judicial district.

3. Defendant, **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON ("LINCOLN")**, is a foreign corporation authorized to do and doing business in the State of Texas in this judicial district.

## II. JURISDICTION & VENUE

4. Federal question subject matter jurisdiction under 28 U.S.C. 1331 applies to this case, as it is governed by federal law under the Employee Retirement Income Security Act of 1972 (ERISA), 29 U.S.C. 1001, *et. seq.,* because Plaintiff is claiming benefits under an ERISA-governed employee benefits plan, and under ERISA, "a person denied benefits under an employee

benefit plan [may] challenge that denial in federal court." *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008) (citing 29 U.S.C. § 1001, *et seq.*, 29 U.S.C. § 1132(a)(1)(B)).

5. Venue is proper in this district under ERISA because Plaintiff is a resident of this district; under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claim occurred in this district, and because Defendant resides in this district; and under 28 U.S.C. §1391 (c) and (d) because Defendant resides in this district by being subject to personal jurisdiction in this district for the controversy at issue herein.

### III. FACTS & ALLEGATIONS

6. The Group Long Term Disability Plan for Employees of USAA ("The Plan") is an employee benefit plan, created, established, sponsored, administered and funded by USAA in the State of Texas.

7. Plaintiff is a former employee of USAA, and was at all relevant times a plan participant of the Plan and at all times qualified as a beneficiary under the Plan.

8. Defendant, **LIBERTY**, acted at all times as a fiduciary of the Plan by virtue of being under contract with the Plan and USAA to act as claims administrator for the Plan, determine eligibility for benefits under the Plan, and provide insurance for disability benefit payment obligations under the Plan.

9. Defendant, **LINCOLN**, acted at all times as a fiduciary of the Plan by virtue of being under contract with the Plan and USAA to act as claims administrator for the Plan, determine eligibility for benefits under the Plan, and provide insurance for disability benefit payment obligations under the Plan.

10. Among other benefits, the Plan provided disability benefits.

11. Plaintiff has been since prior to August 3, 2018, remains to date and is expected to remain indefinitely disabled and entitled to disability benefits under the terms of the Plan due to the disabling effects of Multiple Sclerosis, Lupus and other related illnesses and the effects of required medications.

12. Despite receiving overwhelming proof that Plaintiff remained qualified for benefits under the plan terms, Defendants, **LIBERTY and LINCOLN**, prematurely, arbitrarily and capriciously misinterpreted the Plan's terms and provisions and made erroneous factual findings to discontinue and deny Plaintiff's benefits by letter dated May 30, 2019.

13. Plaintiff filed an administrative appeal by letter dated June 6, 2019 without an attorney.

14. By letter dated July 31, 2019, **LIBERTY and LINCOLN** denied Plaintiff's administrative appeal.

15. By letter dated October 1, 2019, still well within Plaintiff's 180 day deadline to file an administrative appeal, the undersigned, on behalf of Plaintiff, requested a copy of the claim file from **LIBERTY and LINCOLN,** requested that the letter be considered the official administrative appeal, and advised that Plaintiff intended to submit further evidence in support of her claim. Copy attached hereto as Exhibit 1.

16. By letter dated October 3, 2019, **LIBERTY and LINCOLN** responded, indicating that there would be no further review of the claim. Copy attached hereto as Exhibit 2.

17. By letter dated November 26, 2019, still well within Plaintiff's 180 day deadline to file an administrative appeal, the undersigned, on behalf of Plaintiff, requested an additional 60 days to provide further evidence in support of Plaintiff's claim due to difficulty securing the results of Plaintiff's neuropsychological evaluation. Copy attached hereto as Exhibit 3.

18. By letter dated December 3, 2020, **LIBERTY and LINCOLN** responded, indicating that there would be no further review of the claim. Copy attached hereto as Exhibit 4.

19. By letter dated July 9, 2020, Plaintiff submitted the report of Plaintiff's neuropsychological examination to **LIBERTY and LINCOLN,** requesting that it be considered in connection with the claim. Copy attached hereto as Exhibit 5.

20. By letter dated July 14, 2020, **LIBERTY and LINCOLN** responded, indicating that there would be no further review of the claim. Copy attached hereto as Exhibit 6.

21. The refusal by **LIBERTY and LINCOLN** to review the claim beyond consideration of Plaintiff's administrative appeal submission prior to retaining counsel, and refusal to consider the report of Plaintiff's neuropsychological examination prior to Plaintiff filing suit under the circumstances described above was arbitrary and capricious, an abuse of discretion, and constitutes procedurally unreasonableness.

22. Under the factual circumstances described above, Exhibits 1-6 attached hereto are part of the administrative record to be considered by the court.

23. Plaintiff has exhausted all required administrative remedies prior to filing this lawsuit.

24. Plaintiff has incurred attorney's fees in order to pursue his right to benefits from the Plan.

25. Plaintiff is entitled to judgment awarding disability benefits owed under the terms of the Plan from Defendants, **LIBERTY and LINCOLN**.

26. Plaintiff is entitled to judgment awarding reasonable attorney fees incurred in pursuit of these claims from Defendant, **LIBERTY AND LINCOLN**.

27. The standard of review of Plaintiff's claims herein is *de novo*, by virtue of the ban of discretionary clauses under Texas law, which governs here.

**WHEREFORE**, Plaintiff, **BRANDI MERRYMAN**, prays for judgment against Defendant, **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON and LINCOLN LIFE ASSURANCE COMPANY OF BOSTON**, as follows:

1. For all disability benefits due Plaintiff in the past and future under terms of the Plan, plus pre- and post-judgment interest;

2. For all reasonable attorney's fees;

3. For costs of suit; and

4. For all other relief as the facts and law may warrant.

Respectfully Submitted,

s/J. Price McNamara

_____
**J. PRICE McNAMARA (20291)**
10455 Jefferson Highway, Ste. 2B
Baton Rouge, LA 70809
Telephone: 225-201-8311
Facsimile: 225-612-6973
Email:  price@jpricemcnamara.com
Attorney for Complainant,
Brandi Merryman