Liberty Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213


MS. BRANDI MERRYMAN


> EXHIBIT
>
> __2__

Lincoln/Merryman 116



Liberty Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213
Phone No.: (888) 437-7611
Secure Fax No.: (603) 334-5703

July 31, 2019

Ms. Brandi A. Merryman

RE:    Long Term Disability (LTD) Benefits
       USAA
       Claim #: 8582115

Dear Ms. Brandi Merryman:

We completed our review of your appeal request for Long Term Disability Benefits and are maintaining the decision to deny your benefits beyond May 31, 2019.

**Claim and Initial Decision**

You filed a claim for lupus and MS with a date of disability of August 3, 2018; you satisfied the Elimination Period for long-term disability benefits on January 30, 2019.  In order to be eligible for long-term disability benefits, you must remain unable to perform all the material and substantial duties of your <u>own occupation</u> from your date of disability through the entire Elimination Period and beyond.

The medical information contained in your file includes, but not limited to, office treatment notes, diagnostic test results, lab results, and medications from Drs. Wickersham, Neiman, and Gazda.  Based on the medical information contained in your file, we conducted our claim investigation.

During the initial claim investigation, we reviewed the information in your file.  This review, which included a physician consult, concluded the material and substantial duties of your occupation exceed your functional capacity and your claim was approved.

As part of our ongoing claim investigation, we requested and received updated medical records.  We reviewed this information and concluded we should refer your file for two (2) physician peer reviews.  Therefore, we referred your file to James Pearce, M.D., board certified in Neurology, for review.  Following a review of the information contained in your file, Dr. Pearce concluded:

> *While the claimant is said to have MS, this is based solely on MRI imaging without any confirmation of spinal fluid analysis based on the available medical records. Regardless of this repeated neurologic examinations by different examiners reveal a*

1  of  6

*paucity of neurologic impairment with the only finding being slight problems with tandem gait. Primary comorbid diagnosis is lupus, M32.9.*

*From the neurologic standpoint for reasons outlined above, no impairment is supported secondary to the diagnosis of MS. The claimant was initially having side effects from the Copaxone but it was discontinued so no ongoing impairment from the standpoint is supported. The claimant is having multiple joint pains etc. and impairment may be supported from a rheumatological standpoint but this would be deferred to a specialist in that field.*

We referred your file to D. Dennis Payne, Jr., M.D., board certified in Internal Medicine and Rheumatology, for review.  Following the review of your file, Dr. Payne concluded:

*The diagnoses in this file include systemic lupus. The features of the problem have mild with rashes, joint pains, and fatigue. No renal or cardiovascular involvement has been identified. The work-up provided note a CRP of 2 mg/dl. Her chemistry is normal. A CBC is normal. A UA is normal. An ESR is 12. Her beta-2-glycoprotein 1 antibodies are negative and an IgG anti-cardiolipin is slightly positive. A LAC is negative. The exams are revealing of minimal findings other than the rash. There is no synovitis, weakness, or atrophy. She has had the thrombotic event with the reported thrombosis in the cephalic vein on the right side but there are not confirmation imaging data supporting this. She had the CT angiogram in the ER which revealed the pulmonary embolus and she is treated with anticoagulation. The data support mild findings resulting from the clinical process. The diagnosis of multiple sclerosis is also given with the imaging studies supportive of the process including the MRI scans of the brain and spine.*

*From a rheumatology perspective, the data although supportive of the diagnosis of systemic lupus with the hypercoagulable state, do not support a degree of disease that would result in restrictions or limitations.*

Dr. Pearce and Dr. Payne noted that there is no medication side effects noted that would impact your functional ability and that you would be able to perform at a sustained full-time capacity within the identified restrictions and limitations.

Based on the totality of the information contained in your file and the clinical reviews, the information does not support restrictions and limitations rendering you continually unable to perform the duties of your occupation; therefore, your claim was closed.  The basis for our denial was outlined in our letter of May 29, 2019.  At that time, you were given the opportunity to provide additional medical and/or vocational documentation, which you felt, would support your claim.  Specifically, we asked for copies of office treatment notes, diagnostic test results, pharmacy records, hospital records, procedure reports, therapy notes, and restrictions and limitations from all your treating providers.

## Appeal Evaluation

We received your appeal letter on June 6, 2019, along with the medical records you included.  We left you a voicemail on June 17, 2019, confirming this information was received.  In your voicemail message on June 18, 2019, you stated this completes the

Lincoln/Merryman 118

information to be submitted with your appeal.  Therefore, your file was referred to the appeal unit for review.

We reviewed the information submitted and concluded we should refer your file for an additional physician peer review.  Therefore, we referred your file to Vikram Garg, M.D., board certified in Internal Medicine and Rheumatology, for review.  Following the review of your file, which included a telephone conversation with Dr. Wickersham, Dr. Garg concluded:

> *Since she is on anticoagulation for pulmonary embolism which may be associated with her autoimmune lupus, I recommend when working outdoors for sun the restrictions, sun protective measures are needed to avoid triggering inflammatory skin rash. The sun protective measures will be chronic; restriction #3. The restrictions while on anticoagulation will be for as long as she remains on anticoagulant medication for history of deep vein thrombosis/pulmonary embolism (DVT/PE): restriction #1 and #2. Also, the following restrictions limitations apply as of May 31, 2019:*
>
> 1. *No heavy lifting/carrying /pushing/pulling (Exerting 20 to 50 pounds of force occasionally, and/or 10 to 25 pounds of force frequently, and/or greater than negligible up to 10 pounds of force constantly to move objects are okay).*
> 2. *No climbing ladders or working at unprotected heights.*
> 3. *When outdoors, recommend sun protective clothing and sunscreen.*

Dr. Garg noted there are no medication side effects that would impact your functional ability and you would be able to perform at a sustained full-time capacity within the identified restrictions.

As outlined in our letter of July 8, 2019, we sent you a copy of the physician's review performed during our appeal review.  We asked you to review the report and provide a response, along with any other information, to be submitted by July 29, 2019.  We did not receive any additional correspondence from you or any of your providers.

## Conclusion

We conducted a thorough and independent review of your entire claim.  In summary, we acknowledge that you may continue to experience symptoms associated with your conditions.  However, the information does not contain exam findings, diagnostic test results, or other forms of medical evidence substantiating that your symptoms were of such severity, frequency, and duration that they resulted in restrictions and limitations rendering you unable to perform the duties of your occupation.

Having carefully considered all the information submitted in support of your claim, our position remains that proof of your disability in accordance with the USAA policy provisions has not been provided and our original determination to deny benefits beyond May 31, 2019, is upheld.

3  of  6

This claim determination reflects an evaluation of the claim facts and policy provisions.

**Policy Provisions**

The USAA Long Term Disability policy, under which you are covered, states:

> **_"Disability"_** or **_"Disabled"_** _means:_
>
> > i.      _if the Covered Person is eligible for the 24 Month Own Occupation benefit, "Disability" or "Disabled" means that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and_
> >
> > ii.      _thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation._
>
> **_"Own Occupation"_** _with respect to Long Term Disability means the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For the purposes of determining Disability under this policy, Liberty will consider the Covered Person's occupation as it is normally performed in the national economy._
>
> **_"Material and Substantial Duties"_** _means responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified._

Under the Employee Retirement Income Security Act (ERISA) Appeal guidelines, you were entitled to appeal the determination made by Lincoln Financial Group (Lincoln), and to submit any additional information wished to be considered as part of the appeal.  Lincoln has conducted a full and fair review of your appeal and accompanying materials, and has determined that the denial of benefits will be maintained.

At this time, your administrative right to review has been exhausted and no further review will be conducted by Lincoln and your claim will remain closed.  You may request to receive, free of charge, copies of all documents relevant to your claim.  You have the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review.

The USAA Group Disability Income Policy contains the below provision:

> **_Legal Proceedings_**
>
> _A claimant or the claimant's authorized representative cannot start any legal action:_
>
> > 1.  _until 60 days after proof of claim has been given; nor_
> > 2.  _more than three years after the time proof of claim is required._

4  of  6

Lincoln/Merryman 120

Your policy is subject to ERISA, you may have other voluntary alternative dispute resolution options, such as mediation.  One way to find out what may be available is to contact your local U.S. Department of Labor Office or your state insurance regulatory agency.  In addition, once all required reviews of your claim have been completed, you have the right to bring a civil action under applicable law.  Your employer's policy has a contractual limitations period of three years, which means that a lawsuit must be brought within three years after the date written proof of claim or proof of continued disability was required. The date on which the contractual limitations period expires for this claim is August 31, 2022.

This information is provided for purposes of this claim only, as the time proof of claim is required may differ based on claim specifics and applicable policy language.

Nothing in this letter should be construed as a waiver of any Lincoln Financial Group rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved to the Company, whether or not they are specifically mentioned herein.

Decisions made by Lincoln Financial Group are based on the provisions outlined in the USAA Company policy.  These provisions are not contingent on decisions made by either the Social Security Administration or other disability-determining entities.  No internal rules, guidelines, protocols, standard or other similar criteria were relied upon in rendering the claim determination.

If you require language translation assistance, please contact Lincoln to initiate a service provided free of charge to assist with understanding your claim and appeal rights.

如果您需要翻译方面的帮助，请联系我，我会免费为您服务以便了解您的要求和诉求。

Shá ata' hane'go shíká a'doowoł nínízingo saad hosíníłį́į' dóó ná'ookąąh nííní'ą́ągo naaltsoos nííníłtsoozígíí hazho'ó bik'idi'deeshtį́į́ł nínízingo doo bą́ąh ílínígóó níká a'doowoł éí biniiyé shił hodíílnih áko ákwe'égi níká adeeshwoł.

Si necesita traducción, contácteme para iniciar un servicio gratuito a fin de ayudarle a entender sus derechos de reclamo y apelación.

Kung nangangailangan ka ng tulong sa translation, mangyaring makipag-ugnayan sa akin upang gumamit ng serbisyong ibinigay nang walang bayad upang matulungan kang maunawaan ang iyong mga karapatan sa paghahabol at pag-aapela.

Lincoln/Merryman 121

If you have any questions regarding this matter, please contact me.

Sincerely,

Charles Johnson
Appeal Review Consultant
Phone No.: (888) 437-7611 Ext. 16398
Secure Fax No.: (603) 334-5703

6  of 6

Lincoln/Merryman 122